ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
TIMOTHY D. KUHLS, ESQ.
Nevada Bar No. 13362
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
P: (702) 938-1510
E: tkuhls@psalaw.net

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CYNTHIA SCARCELLI, individually,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., individually; and DOES I through 100; and ROE ENTITIES 101 through 200, inclusive,<br><br>Defendants. | Case No.:<br><br>[District Court, Clark County Case No.: **A-18-777118-C,** Dept. No.: IV]<br><br>**DEFENDANT WAL-MART STORES, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**<br><br>**[JURY DEMAND]** |

COMES NOW, Petitioner WAL-MART STORES, INC. (hereinafter "Petitioner"), by and through its counsel of record, the law offices of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits and respectfully shows:

I.

Petitioner WAL-MART STORES, INC. is a named Defendant in the above-entitled action.

II.

The above-entitled action was commenced by Plaintiff CYNTHIA SCARCELLI (hereinafter "Plaintiff") on July 2, 2018 in the Eighth Judicial District in and for Clark County, District of Nevada, and is now pending in that court. Plaintiff served her Summons on Petitioner on July 5, 2018. True and correct copies of Plaintiff's Complaint and Summons are attached hereto as **Exhibits "A" and "B,"** respectively. Subsequently, Plaintiff then served Petitioner a Request for Exemption from

Arbitration on August 22, 2018. A true and correct copy of Plaintiff's Request for Exemption from Arbitration (hereinafter "Request for Exemption") is attached hereto as **Exhibit "C."**

Plaintiff's August 22, 2018 Request for Exemption from Arbitration is the "first paper" received by Petitioner from which removability may clearly be ascertained that the amount in controversy in this action exceeds $75,000.00. In her Request for Exemption, Plaintiff alleges that she sustained injuries to her "neck, back, shoulders, hips, wrists, knees and legs." (Exh. C at 2:7.) In total, Plaintiff estimates that her total past medical expenses to date amounts to $27,429.74. (*Id.* at 3:17-24.) In her Request for Exemption, she also argued that she will "be seeking Past, Present and Future Pain and Suffering in an amount to be determined at trial." (*Id.* at 3:24-28.) Plaintiff even went on to state that exclusive of interest and costs, her damages "should greatly exceed the $50,000 threshold" for exemption. (*Id.* at 3:27-28.)

In addition to her past medical expenses, Plaintiff also seeks future damages. Specifically, Plaintiff disclosed that she "continues to treat with Centennial Medical Group" after having unsuccessful Bilateral L5-S1 Transforaminal Injections. (*Id.* at 3:8.) She has also been recommended for Radiofrequency Ablation surgery due to "her ongoing pain." (*Id.*)

In addition to this total of surmounting past-and-future medical costs, Plaintiff also claims special damages in the form of attorney's fees, costs and for prejudgment and post-judgment interest. (Exh. A at 4:14.) Assuming that Plaintiff's past medical expenses and pain and suffering will "greatly exceed" $50,000, her additional claim for a future ablation surgery and subsequent rehabilitation will undoubtedly total over $25,000. As such, the 28 U.S.C. §1446(b)'s $75,000 amount in controversy requirement is sure to be met.

III.

This Petition is timely filed pursuant to 28 U.S.C. § 1446(b).

IV.

This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332(a), and is one which may be removed to this Court by Petitioner, pursuant to 28 U.S.C. § 1441(a).

. . .

. . .

V.

Petitioner is informed, believes, and thereon alleges that Plaintiff is, and was at the time this action was commenced, a citizen of the State of Nevada.

VI.

Petitioner is, and was, at the time this action was commenced, a Delaware corporation with its principal place of business in the State of Arkansas. As such, Petitioner is a citizen of the State of Delaware and citizen of the State of Arkansas.

VII.

The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred from an incident at Wal-Mart Store No. 1838 located at 3041 N. Rainbow Blvd., Las Vegas, NV (Clark County).

VIII.

A copy of Petitioner's Petition for Removal of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Plaintiff's Complaint, have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County, Nevada.

IX.

True and correct copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

X.

This Petition is filed with the Court within thirty (30) days after Petitioner was served with Plaintiff's Request for Exemption from Arbitration. Plaintiff's Request for Exemption was the "first paper" that put Petitioner on notice that Plaintiff's claimed damages clearly exceed the $75,000 federal diversity jurisdiction threshold. (Exh. C at 3:6-28.) Given the amount of her past medical specials ($27,429.74), when combined with her anticipated ablation surgery and pain and suffering will *clearly total over* $75,000. Therefore, Plaintiff's anticipated damages meets 28 U.S.C. §1332(b)'s amount in controversy requirement. *See* 28 U.S.C. §1332(a) (2015); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying, in

part, on estimated future medical expenses to determine that the amount in controversy exceeded the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that claims exceeded $75,000.00 where plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day hospital stay, pain and suffering, humiliation and a temporary inability to do housework); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination exceeded $75,000.00 based on the lengthy list of compensatory and punitive damages combined with a claim for attorney fees in her Complaint).

As such, it is wholly reasonable that these cumulative claims for damages and diversity of the parties meet the requisite requirements set forth by 28 U.S.C. §1441(b) and 28 U.S.C. §1332.

## PRAYER

WHEREFORE, Defendant prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court.

DATED this 21st day of September, 2018.

**PHILLIPS, SPALLAS & ANGSTADT LLC**

*/s/ Timothy D. Kuhls*

ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
TIMOTHY D. KUHLS, ESQ.
Nevada Bar No. 13362
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2018, I served a true and correct copy of the foregoing, **DEFENDANT WAL-MART STORES, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**, by Facsimile and U.S. Mail, in a sealed envelope, first-class postage fully prepaid, addressed to the following counsel of record, at the address listed below:

| ATTORNEY OF RECORD | PHONE/FAX | PARTY |
|---|---|---|
| RICHARD HARRIS, ESQ.<br>Nevada Bar No. 505<br>MICHAEL I. SANDOVAL, ESQ.<br>Nevada Bar No. 13242<br>RICHARD HARRIS LAW FIRM<br>801 S. 4th Street<br>Las Vegas, NV 89101 | T: (702) 444-4444<br>F: (702) 444-4455 | Plaintiff |

_____
An Employee of PHILLIPS, SPALLAS & ANGSTADT LLC